UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Robert J. Orozco,**

      **Plaintiff,**

      v.

**City of Obetz, Ohio, Police Department, et al.,**

      **Defendants.**

Case No. C2-05-747
Judge Smith
Magistrate Judge King

## OPINION AND ORDER

Plaintiff Robert J. Orozco brings the present action asserting a myriad of claims against defendants. Specifically, plaintiff asserts multiple claims of fraud, theft, forgery, civil conspiracy, and defamation. Plaintiff moves the Court (Doc. 2) to issue a Temporary Restraining Order ("TRO") halting all current business operations of defendant Codel Meats, Inc. For the following reasons, the Court denies the motion for a TRO and dismisses the case *sua sponte* for lack of subject matter jurisdiction.

## I.  INTRODUCTION

For purposes of the present motion, the Court accepts as true all facts properly alleged in the complaint. In 1995, plaintiff Robert J. Orozco founded Central Ohio Meats, Inc. ("COM"), an Ohio S Corporation. COM became a thriving business with assets exceeding several million dollars and offices in Ohio, Tennessee, and Indiana. In 1998, plaintiff began entering into business dealings with defendant Thomas Schimmoller. Eventually, plaintiff entered into some sort of joint venture whereby Schimmoller would transform COM into a nationwide business operation under the new name of Codel Meats, Inc. ("Codel"). Plaintiff retained defendant attorney Randall Treneff to handle filing the Articles of Incorporation ("Articles") for the new

company. However, instead of filing the Articles that were expected, Treneff filed forged documents that gave more shares to Schimmoller than he was originally supposed to receive.

In July 2005, Schimmoller and Treneff, with the aide of the Obetz, Ohio Police Department, terminated the plaintiff and removed him from Codel's premises for allegedly improperly handling company money. Plaintiff objected to the firing, claiming that he had done nothing wrong and that many of the company's assets actually belonged to him. Nevertheless, plaintiff was forced to leave Codel's property. After plaintiff's termination, Schimmoller and Treneff took thousands of dollars from the company and improperly disposed of company records and receipts. Furthermore, plaintiff asserts that defendants Treneff and Schimmoller secretly took control of a third company, Gourmet Meats, LLC, which plaintiff had helped start in 2003. Plaintiff claims that the defendants' actions have resulted in immense financial harm.

## II. ANALYSIS

Federal subject matter jurisdiction can be established either by diversity or the existence of a federal question. District courts may exercise diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires complete diversity. Coyne v. American Tobacco Co., 183 F.3d 488, 492 (6th Cir. 1999). That is, all parties on one side of the litigation must be of a different citizenship than all parties on the other side. SHR Ltd. Partnership v. Braun, 888 F.2d 455, 456 (6th Cir. 1989).

Plaintiff does not provide present addresses for each defendant. However, an examination of the four corners of the complaint leads the Court to conclude that complete diversity cannot exist in the present case. Plaintiff is a resident of Ohio. Plaintiff names as

defendants the City of Obetz, Ohio, Police Department, the Chief of Police for Obetz, Ohio, the Obetz City Manager, all Obetz police officers, the Mayor of Obetz, Ohio, Thomas J. Schimmoller, Randall Treneff, and all individuals present at the Obetz, Ohio office building on July 15, 2005. Complete diversity among the parties is clearly lacking. Thus, the Court lacks diversity subject matter jurisdiction in this case.

An alternative basis for the Court's exercise of subject matter jurisdiction is federal question jurisdiction. District courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists when the plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).

After closely examining the four corners of plaintiff's complaint, the Court concludes there is no federal question at issue in the present case.[1] Plaintiff asserts claims only for fraud, theft, forgery, civil conspiracy, and defamation. None of these causes of action are established by federal law and plaintiff's right to relief does not depend on the resolution of a substantial question of federal law. Rather, the alleged causes of action are all state claims and thus belong in a state court. Thus, the Court lacks federal question subject matter jurisdiction in the present

---

[1] On August 15, 2005, plaintiff filed a supplemental memorandum (Doc. 6) in support of his TRO motion. This memorandum focuses largely on the issue of subject matter jurisdiction. Notwithstanding his failure to comply with Local Civil Rule 7.2(a)(2) in first obtaining leave of court before filing the memorandum, plaintiff's arguments still fail to establish subject matter jurisdiction in this case. Plaintiff focuses primarily on the following four facts to support his assertion that this is a federal case: (1) the existence of USDA inspectors at his business and the involvement of other USDA facilities; (2) the fact that the alleged fraud involved the interstate wiring of money; (3) the involvement of FDIC insured banks in the wire fraud; and (4) the fact that Gourmet Meats engages in interstate commerce. However, none of these facts change plaintiff's Ohio tort claims into federal claims.

case.

## III.  DISPOSITION

For these reasons, the Court denies plaintiff's motion for a TRO and dismisses the case *sua sponte* for lack of subject matter jurisdiction.  All of plaintiff's claims are hereby dismissed for lack of jurisdiction.

The Clerk shall remove Doc. 2 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.


**IT IS SO ORDERED.**

/s/ George C. Smith
**GEORGE C. SMITH, JUDGE**
United States District Court